**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 25-62511-CIV-SMITH/DSW**

**ATAHAN ISIK,**

**Plaintiff,**

**v.**

**ALEM MIAMI LLC, ET AL.,**

**Defendants.**
_______________________________________/

# REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on a Joint Motion to Approve FLSA Settlement and Dismiss Action With Prejudice and to File Settlement Agreement Under Seal. [ECF No. 55]. The Honorable Rodney Smith referred this case to the undersigned for a Fairness Hearing. [ECF No. 46]. *See also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having reviewed the file, considered the Motion, reviewed the Settlement Agreement, considered statements of counsel at a fairness hearing conducted on October 20, 2026, and being otherwise fully advised, hereby recommends the motion be **GRANTED** for the following reasons.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq*. [ECF No. 1]. Before this Court can dismiss this case and approve a settlement of the FLSA claims, the undersigned must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely

duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV-MOORE, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In scrutinizing the Parties' Settlement Agreement, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The undersigned also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Parties explained to this Court the portion of the settlement amount to be paid to Plaintiff and the amount designated for attorney's fees and costs. Accordingly, this Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, this Court reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, this Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Lastly, the Court considered the Parties' request to file the Settlement Agreement under seal. "Courts have discretion to determine which portions of the record, if any, should remain under

seal, and this discretion is 'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citation omitted). Courts consider the following factors, among others, when balancing the party's interests against those of the public:

> (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to sealing the documents.

*Baloa Diaz v. Edi Korta, LLC*, No. 1:24-CV-20522, 2025 WL 2498158, at *2 (S.D. Fla. May 27, 2025) (citation omitted). In considering these factors, the Court finds that the factors weigh in favor of allowing the Settlement Agreement to be filed under seal.

## RECOMMENDATION

The undersigned hereby **RECOMMENDS** that Defendants' Joint Motion to Approve FLSA Settlement and Dismiss Action With Prejudice and to File Settlement Agreement Under Seal [ECF No. 55] be **GRANTED**, the Parties' Settlement Agreement be **APPROVED**, the Settlement Agreement be **FILED UNDER SEAL**, and the case be **DISMISSED WITH PREJUDICE**. The court should retain jurisdiction to enforce the settlement agreement until the final settlement payment is made.

## OBJECTIONS

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that

a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 21st day of October 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record